

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00129-CR

---

RAYMOND SAMBOW VARGAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 29th District Court
Palo Pinto County, Texas[1]
Trial Court No. 16044, Honorable Mike Moore, Presiding

---

June 3, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

On February 6 through 8, 2018, appellant, Raymond Sambow Vargas, was tried for the offense of continuous assault causing bodily injury to a family member.[2] Appellant pled not guilty and the case proceeded to a jury trial. After hearing evidence, the jury found appellant guilty. Appellant elected to have the trial court assess punishment.

---

[1] Pursuant to the Texas Supreme Court docket equalization efforts, this case was transferred to this Court from the Eleventh Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] *See* TEX. PENAL CODE ANN. § 25.11 (West 2019).

Appellant pled true to an allegation of a prior final felony conviction used to enhance the applicable range of punishment and, after hearing punishment evidence, the trial court sentenced appellant to twenty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, and a $10,000 fine. Appellant timely filed his notice of appeal. We affirm.

Appellant's court-appointed appellate counsel filed a motion to withdraw from the representation supported by an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. Counsel notified appellant by letter of his motion to withdraw; provided him a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant filed a pro se response. In it, appellant indicates that certain evidence was not admitted by trial counsel, counsel physically assaulted appellant during trial, and counsel refused to let appellant testify in his own

2

defense at trial. However, none of these complaints are reflected in the record.[3] The State did not file a brief.

In the present case, a jury found appellant guilty of continuous assault causing bodily injury to a family member, and the trial court sentenced him to an enhanced punishment of twenty years' incarceration and a $10,000 fine. By his *Anders* brief, counsel thoroughly discusses where in the record reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support this appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

After carefully reviewing the appellate record, counsel's brief, and appellant's pro se response, we conclude that there are no plausible grounds for appellate review. We therefore affirm the trial court's judgment and grant counsel's motion to withdraw. *See* TEX. R. APP. P. 43.2(a).

Judy C. Parker
Justice

Do not publish.

---

[3] Appellant raises additional complaints that illustrate appellant's lack of understanding of the process by which a criminal trial is conducted. Like the issues identified above, however, the record does not reflect the possibility of reversible error relating to these additional issues raised by appellant in his pro se response.